IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DENNIS B. FULFORD, | ) CASE NO. 1:13 CV 1371 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| JUDGE STEVEN E. GALL, *et al.*, | ) |
| Defendants. | ) |

*Pro se* plaintiff Dennis B. Fulford filed the above-captioned action under 42 U.S.C. § 1983 against Cuyahoga County Common Pleas Court Judge Steven E. Gall, Cuyahoga County Prosecutor Timothy McGinty, and Cuyahoga County Assistant Prosecutor Mollie A. Murphy. In the complaint, plaintiff alleges he was denied a speedy trial, due process and equal protection in the criminal proceedings against him. He seeks reversal of his conviction, dismissal of charges, and his release from prison.

**Factual and Procedural Background**

Plaintiff alleges very few facts in his complaint. He states he was arrested on October 2, 2012 and was held in the Cuyahoga County jail from October 4, 2012 until he was sentenced on April 10, 2013. He claims he did not consent to continuances in his case, and filed a post conviction

motion to dismiss on speedy trial grounds on June 17, 2013. He indicates he was transferred to the Lorain Correctional Institution to begin serving his sentence.

Plaintiff asserts Defendants violated his constitutional rights during his trial. He first claims he was denied a speedy trial. He contends the remedy for speedy trial violations is dismissal of the indictment. He alleges Judge Gall was not impartial or objective during his trial and engaged in a conspiracy with the prosecutors. He claims the Defendants abused the legal process, and conspired to deprive him of constitutional rights. The remainder of his pleading consists entirely of legal rhetoric.

## Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be

sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Discussion

As an initial matter, plaintiff is essentially challenging the validity of his present confinement in an Ohio penal institution, and requests that his conviction be reversed, the charges against him be dismissed, and he be released from prison. The sole remedy available to him to pursue this result is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). He cannot obtain this relief in a civil rights action.

Moreover, plaintiff could not proceed with this action if he decided to pursue a claim for damages or injunctive relief. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Here, plaintiff directly challenges his conviction on the grounds of speedy trial, due process and equal protection grounds. If any of his claims were found to have merit, it

would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and his complaint must be dismissed on these ground alone.

Finally, even if plaintiff could bring his claims in a civil rights action under 42 U.S.C. § 1983, all of the defendants are absolutely immune from suit. Judicial officers are generally absolutely immune from civil lawsuits based on the actions and decisions they made from the bench. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judges are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff contends that Judge Gall issued orders which plaintiff believes were contrary to state and federal law. If these allegations are true, plaintiff's remedy is an appeal of his conviction. He does not have recourse against the judge under 42 U.S.C. §1983.

Similarly, prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court.

*Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000), or "undertak[ing] the defense of a civil suit," *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990). In this instance, the challenged actions of Cuyahoga County Prosecutor Timothy McGinty and Assistant Prosecutor Mollie Murphy were all intimately associated with the judicial phase of plaintiff's prosecution. The complaint contains no facts which indicate that these defendants participated in any other kind of activity. Consequently, they are also entitled to absolute immunity.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

good faith.[1]

        IT IS SO ORDERED.

                                    /s/ Donald C. Nugent
                                    DONALD C. NUGENT
                                    UNITED STATES DISTRICT JUDGE

Dated: October 23, 2013

---

[1] 28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.